IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ANTONIO JACKSON, | : | |
| Petitioner | : | |
| VS. | : | 7 : 05-CV-100 (HL) |
| GEORGIA BOARD OF PARDONS AND PAROLES | : | |
| Respondent. | : | |

**RECOMMENDATION**

    Presently pending in this federal habeas petition is the respondent's Motion to Dismiss for Lack of Exhaustion.  The petitioner challenges his parole revocation and timely consideration for parole, arguing that he was not convicted of the charges for which he was imprisoned, that he was not timely considered for parole, and that his right to parole was violated when the Board of Pardons and Paroles changed the conditions of his release and confinement.  The respondent maintains that none of these claims have ever been presented to the state courts for review.   The petitioner has not responded to this motion, despite an order issued by the court instructing him as to the consequences of failing to respond.

    "It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the

federal judiciary." <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. <u>Galtieri v. Wainwright</u>, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." <u>Hart v. Estelle</u>, 634 F.2d 987, 989 (5th Cir. 1981).

Inasmuch as the petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof. **SO RECOMMENDED**, this 31st day of May, 2006.

    /s/ ***Richard L. Hodge***
    RICHARD L. HODGE
    UNITED STATES MAGISTRATE JUDGE

asb